JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

AUG 16 1979

PATRICIA D. HOWARD
CLERK OF THE PANEL

9/16/80

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE CALIFORNIA ARMORED CAR ) DOCKET NO. 387
ANTITRUST LITIGATION )

OPINION AND ORDER

BEFORE MURRAY I. GURFEIN, CHAIRMAN, AND EDWIN A. ROBSON, STANLEY A. WEIGEL*, ANDREW A. CAFFREY, ROY W. HARPER, AND CHARLES R. WEINER, JUDGES OF THE PANEL.

PER CURIAM

This litigation consists of three actions pending in two districts: two actions in the Northern District of California, and one action in the Central District of California.

The three actions were spawned, in large part, by two indictments returned on March 9, 1979, by a federal grand jury sitting in the Central District of California. One indictment charged that Loomis Armored Car Service, Inc. (Loomis) conspired with Brink's, Inc. (Brink's) and other unindicted co-conspirators in violation of Section 1 of the Sherman Act to submit two rigged bids for armored car services to the Federal Reserve Bank in Los Angeles and San Francisco between November, 1974, and April, 1975. The second indictment charged that Armored Transport, Inc. (Armored Transport) conspired with Brink's and other unindicted co-conspirators in violation of Section 1 of the Sherman Act to divide customers and to submit rigged bids for armored car and related services in California from January, 1965 to December, 1976. Both Loomis and Armored Transport have pled nolo contendere to the criminal charges.

---

* Judge Weigel took no part in the decision of this matter.

Each of the three private actions was also brought in March, 1979. Generally, the complaint in each action alleges that since at least 1965, in violation of the federal antitrust laws, the defendants 1) divided, allocated and apportioned customers among themselves and other co-conspirators in the State of California and/or other Western States; and 2) rigged bids and price quotations for the providing of armored car and related services in California and/or the Western United States. In two of the actions, Alioto's in the Northern District of California and the action in the Central District of California, Loomis and Armored Transport are the sole defendants. In the third action, State of California in the Northern District of California, Brink's is named as a third defendant along with Loomis and Armored Transport. All three actions are brought as class actions -- Alioto's is brought on behalf of all who purchased armored car services; State of California is brought on behalf of all political subdivisions, public agencies and districts within the State of California that purchased armored car services; and the Central District of California action is brought on behalf of all customers who purchased armored car services from Loomis and Armored Transport.

Presently before the Panel is a motion by Loomis to transfer, pursuant to 28 U.S.C. §1407, the Central District of California action to the Northern District of California for coordinated or consolidated pretrial proceedings with

the actions pending there.[1/]  All responding parties agree that the three actions raise common factual questions concerning the existence, scope and effect of an alleged conspiracy among suppliers of armored car services to fix prices and to allocate customers in the Western United States.  These parties further agree that transfer under Section 1407 is necessary in order to prevent duplication of discovery, eliminate the possibility of conflicting class action determinations and other pretrial rulings, and conserve judicial resources.  The only dispute concerns the selection of the transferee district.  Loomis and Armored Transport favor the Northern District of California, while plaintiffs in the Central District of California action and Alioto's in the Northern District of California favor the Central District of California.

We find that the three actions involve common questions of fact and that transfer of the actions pending in the Northern District of California to the Central District of California for centralized pretrial proceedings with the action pending there will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

---

[1/]  Since the filing of Loomis's motion, Loomis has advised the Panel of the pendency of two additional actions that may be related to this litigation -- Alioto's Fish Co. Ltd. v. Loomis Armored Car Service, Inc., et al., N. D. Cal., C.A. No. 79-0730 SW; and The Fisherman Restaurant v. Loomis Armored Car Service, Inc., et al., N. D. Cal., C.A. No. 79-1142 SAW.  These two actions will be treated as potential tag-along actions. See Rules 9 and 10, R.P.J.P.M.L., 78 F.R.D. 561, 567-69 (1978).

Loomis and Armored Transport argue that the Northern District of California is the appropriate transferee forum for this litigation because 1) the majority of actions are pending there; 2) the majority of parties to the litigation favor that district as the transferee forum; and 3) many of Loomis's documents and employees are located in San Francisco and much discovery can thus be expected to occur there.

Although either the Northern District of California or the Central District of California could be described as an appropriate transferee forum for this litigation, on balance we conclude that the Central District of California is preferable. The documents on which the grand jury relied in returning its indictments and which are likely to be sought by the private litigants are located in the Central District of California. See In re Hawaiian Hotel Room Rate Antitrust Litigation, 438 F. Supp. 935, 936 (J.P.M.L. 1977). Furthermore, the United States Supreme Court, in Douglas Oil Company v. Petrol Stops Northwest, ___ U.S. ___, 47 U.S.L.W. 4416 (April 18, 1979), has required, with respect to access to grand jury documents in related private antitrust actions, coordination between the court presiding over the grand jury proceedings and the court presiding over the private antitrust actions. This coordination can more easily be accomplished by selecting as transferee district the same district in which the grand jury sat and returned indictments against the principal defendants. Finally, since much of the conduct at issue allegedly occurred within the Los Angeles, California area and since Armored Transport's

principal place of business is located in the Central District of California, it is likely that other relevant documents as well as key witnesses will also be located in that district. See In re Wiring Device Antitrust Litigation, 444 F. Supp. 1348, 1351 (J.P.M.L. 1978).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the following Schedule A and pending in the Northern District of California be, and the same hereby are, transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Malcolm M. Lucas for coordinated or consolidated pretrial proceedings with the action listed on Schedule A and pending there.

DOCKET NO. 387

Schedule A

| | Civil Action No. |
|---|---|
| **CENTRAL DISTRICT OF CALIFORNIA** | |
| Lloyd Prell, et al. v. Armored Transport, Inc., et al. | 79-1174-F(Px) |
| **NORTHERN DISTRICT OF CALIFORNIA** | |
| The State of California, et al. v. Loomis Armored Car Services, Inc., et al. | 79-0529-CFP |
| Peter Alioto's Hof Brau, et al. v. Loomis Armored Car Services, Inc., et al. | C-79-0548-CFP |